(164 App. Div. 458)

### FURLONG v. ROBERTS et al.

(Supreme Court, Appellate Division, Second Department. November 13, 1914.)

1. MUNICIPAL CORPORATIONS (§ 705*)—NEGLIGENT USE OF STREETS—PROXIMATE CAUSE.

   Where a beam 23 feet long and 10 inches square, placed in a street to defend the supports of a wooden bridge over the street, was pushed a short distance, so that it struck plaintiff's foot, by an express wagon which was driven against its end, and which did not merely rub against the side of the timber, the negligence of the driver of the express wagon was a proximate cause of the accident.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. § 705.*]

2. MUNICIPAL CORPORATIONS (§ 705*)—OBSTRUCTION IN STREETS—LIABILITY FOR INJURIES.

   If drivers using care could not avoid striking such beam, the party which placed it in the street was negligent in failing to anchor it so that it could not be pushed; but, if a careful man would not drive against it, such party was not required to so lodge it that it could not be pushed along by a wagon wheel negligently driven against it.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. § 705.*]

Appeal from Trial Term, Kings County.

Action by Frank Furlong against Duncan I. Roberts, as president of the United States Express Company, and another. From a judgment for plaintiff, and orders denying a new trial, defendants appeal. Reversed, and new trial trial granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-
TON, and PUTNAM, JJ.

Frederick J. Curry, for appellant Roberts.

Warren Bigelow, of New York City, for appellant J. H. Drew &
Bro., Inc.

Frederick S. Martyn, of Brooklyn, for respondent.

THOMAS, J. The defendant Drew laid a beam, 23 feet long and
10 inches square, on the south side of Pine street, in the city of New
York, to defend supports of a wooden bridge over the street. An ex-
press wagon, returning through the street, collided with the end of the
timber and pushed it along, so that it hit the foot of the plaintiff, who
was standing a short distance to the eastward of it. The plaintiff has
recovered for his injuries against Drew, who placed the timber, and
the express company.

[1] The evidence shows beyond question that the driver negligently
drove against the end of the timber and shoved it along several feet,
although it weighed some 800 pounds. But the contention is that the
collision was not the proximate cause of the accident, but rather the
failure of the defendant Drew to fasten the stick so that it could not
be driven by such contact. There was some impairment of the use
of the street by reason of the bridge, but a nuisance is not charged.
The situation suggested to the driver the necessity of increased vigi-
lance, but his conduct in driving against a timber 10 inches square,
where, as he says, on account of an obstructing team there was not
room to pass, indicated to the jury culpable absence of requisite care.
The wagon drove the timber against the plaintiff, and so became a
direct cause. True, if the timber had been fixed solidly, the negligent
blow of the wheel against it would not have disturbed it. But Drew
did not owe the express company the duty of so fastening the timber
that its negligently colliding wagon could not dislocate it. The duty
of the driver was to use proper care to avoid it. The stick stretched
for 23 feet along the curb and whatever other timbering was adjacent
to it. It warned the driver to keep off, and physically kept the hubs of
the wheel away from the supports of the bridge, and when the wagon
pushed it against the plaintiff the act was as proximate and wrongful
as if the wheel had made direct contact with the man, provided in
ordinary prudence the disturbance of the timber to such an extent
would be anticipated. It should be considered that the wagon did
not merely rub against the side of the timber, so that it would act to
fend and divert it, but that it was driven into the end, as if to mount
it. So far as known, if the timber had been required to act as a buffer
between the wagon and the supports, it would not have been disturbed
by an oblique or slanting blow. Indeed, for that purpose it was placed
there, and it should have been so fixed as to meet such use. A driver
might well conclude, in making his way through a restricted way, that
rubbing even roughly against a fending timber would not dislodge it,
and that such happening was prevented by the weight of the timber
or fastenings. But the conviction would not so easily obtain that he
could, without injury, bluntly hit the head of the timber, and convey

directly to it such impelling force as the momentum of his wagon would impart. In my judgment, the wagon driven against the end of the timber, and that in turn against the plaintiff, was a proximate cause of the accident.

[2] Was it the sole proximate cause, or was the failure to lodge the timber a proximate cause? It is not proven that it was negligent to leave the timber weighing 800 pounds unfastened, so far as the purpose of it was to act as a guard. If the contact of teams with its side would, in the minds of prudent men skilled on the subject, require that for its proper purpose it should be held down by something besides its weight, then the jury should decide whether the omission was negligent. But in the case at bar the express wagon subjected the timber to a force abnormal to the expected use, to a strain that it was not intended to withstand. So the question is brought to this: Did Drew owe to people using the street the duty of so lodging the timber that it could not be driven along by a wagon wheel negligently striking against its end? The bare end of the timber occupied 10 square inches of the street. The street was darkened by the bridge, the side timbers, and the fence at the north curb. The timber did not begin at Broadway, but was interior, and something that interrupted the curb line. It was an obstruction that would come with some surprise to the driver, and thereby make unexpected and unusual demand upon his caution and skill. If, under such conditions, drivers using care would be subject to collision with it, I think that a jury could find Drew negligent in leaving it so that it might be dislocated. Should Drew have considered that teamsters would negligently drive against it, and have warded off the effect of their negligence by some warning, or by anchoring the stick? This is no more than to say that Drew was not negligent in leaving the end of the log unguarded or unanchored, provided teamsters, in the exercise of due care, would not run against the end of it. Drew had a right to conceive that drivers would see what was discoverable in the exercise of due care. In the present case the jury has found that the driver was not in the exercise of such care. Indeed, the evidence clearly warrants the finding. But the finding that Drew was negligent is inconsistent with the finding that the express company was negligent. If the driver in the exercise of due care would not avoid the log, then Drew negligently left it there unguarded and unfastened; but if under the circumstances a careful man would not drive against it, Drew was not required to consider that the timber was subject to such collision. He could anticipate that drivers would do their duty, and that it was not necessary to guard against a wrongful act.

The judgment as to Drew should be reversed, and, as the view here expressed was not stated to the jury, the judgment and order as to the express company should also be reversed, and a new trial granted as to both defendants; costs to abide the event. All concur.